FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUN 29 2005

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) CR. NO. 1:05CR148-F<br>) [21 USC 846;<br>) 21 USC 841(a)(1);<br>) 21 USC 841(c)(2);<br>) 18 USC 2]<br>)<br>) INDICTMENT |
| v. | |
| RUBY HOWARD SHIRAH, d/b/a<br>BENT CAN GROCERY and<br>BELLWOOD GROCERY, and<br>ANTHONY CHARLES BROWN | |

The Grand Jury charges:

### COUNT 1

Beginning in and about June 2000, and continuing to on or about April 22, 2003, the exact dates being unknown to the Grand Jury, in Geneva County, Alabama, within the Middle District of Alabama and elsewhere,

RUBY HOWARD SHIRAH, d/b/a
BENT CAN GROCERY and
BELLWOOD GROCERY, and
ANTHONY CHARLES BROWN,

defendants herein, did knowingly and willfully combine, conspire, confederate and agree together with other persons known and unknown to manufacture five grams or more of methamphetamine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### COUNT 2

On or about April 10, 2003, in Geneva County, Alabama, within the Middle District of Alabama,

RUBY HOWARD SHIRAH, d/b/a
BELLWOOD GROCERY,

defendant herein, while aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess and distribute pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

## COUNT 3

On or about April 17, 2003, in Geneva County, Alabama, within the Middle District of Alabama,

> RUBY HOWARD SHIRAH, d/b/a
> BENT CAN GROCERY, and
> ANTHONY CHARLES BROWN,

defendants herein, while aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess and distribute pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

## COUNT 4

On or about April 22, 2003, at the Bent Can Store, in Geneva County, Alabama, within the Middle District of Alabama,

> RUBY HOWARD SHIRAH, d/b/a
> BENT CAN GROCERY, and
> ANTHONY CHARLES BROWN,

defendants herein, while aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess and distribute pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that the listed chemical would be used

to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

### Forfeiture Allegation - 1

A. Counts 1 through 4 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for violation of Title 21, United States Code, Section 841 and 846, as alleged in Count 1 and/or Title 21, United States Code, Section 841, and Title 18, United States Code, Section 2, as alleged in Count 2 of this indictment, the defendants,

> RUBY HOWARD SHIRAH,
> d/b/a BENT CAN GROCERY and
> BELLWOOD GROCERY, and
> ANTHONY CHARLES BROWN,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts 1 and 2 of this indictment, including but not limited to the following:

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as **Bellwood Grocery** located in Geneva County more particularly described as:

> A lot or parcel of land being described as South 210 feet of the Southwest quarter (SW 1/4) of the Northwest quarter (NW 1/4) lying West of Alabama Highway 85, being located in Section 14, Township 2 North (T2N), Range 22 East (R22E), Geneva County, Alabama. This contains 2 acres, more or less.

C.  If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property, all in violation of Title 21, United States Code, Sections 841, 846, and 853 and Title 18, United States Code, Section 2.

## Forfeiture Allegation - 2

A.  Counts 1 through 4 of this indictment are hereby repeated and incorporated herein by reference.

B.  Upon conviction for violation of Title 21, United States Code, Section 841 and 846, as alleged in Count 1 and/or Title 21, United States Code, Section 841, and Title 18, United States Code, Section 2, as alleged in Counts 3 and 4 of this indictment, the defendants,

> RUBY HOWARD SHIRAH,
> d/b/a BENT CAN GROCERY and
> BELLWOOD GROCERY, and
> ANTHONY CHARLES BROWN,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly

as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts 3 and 4 of this indictment, including but not limited to the following:

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as **Bent Can Grocery** located in Geneva County more particularly described as:

All that portion of the Southwest quarter (SW 1/4) of the Northwest quarter (NW 1/4) of Section 14, lying West of the Daleville Public Road, all in Township 2 North (T2N), Range 22 East (R22E), in Geneva County, Alabama.  LESS AND EXCEPT: 1 ½ acres of land situated in the Southwest quarter (SW 1/4) of the Northwest quarter (NW 1/4) of Section 14, Township 2 North (T2N), Range 22 East (R22E), described as follows: Beginning at a point where the North forty line of said Southwest quarter (SW 1/4) of the Northwest quarter (NW 1/4) intersects the West line of the public highway known as the Daleville Road, also designated as State Highway 85, and running thence South along the West side of said Highway 85 a distance of 210 feet, thence West parallel with the North line of said Southwest quarter (SW 1/4) of Northwest quarter (NW 1/4) a distance of 315 feet, thence North parallel with the said Highway a distance of 210 feet to the North forty line, thence East along the North forty line 315 feet to the point of beginning.  This is a portion of the property deeded to Edna B. Koen by William Norman Koen, a single man, on February 24, 1970, which deed is recorded in the Probate Office of Geneva County, Alabama, in Deed Book 15, Page 943.  ALSO: LESS AND EXCEPT a lot or parcel of land being described as South 210 feet of the Southwest quarter (SW 1/4) of the Northwest quarter (NW 1/4) lying West of Alabama Highway 85, being located in Section 14, Township 2 North (T2N), Range 22 East (R22E), Geneva County, Alabama.  This contains 16 acres, more or less.

C.  If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or,

5

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property, all in violation of Title 21, United States Code, Sections 841, 846, and 853, and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
UNITED STATES ATTORNEY

_____
TOMMIE BROWN HARDWICK
Assistant United States Attorney

_____
JOHN T. HARMON
Assistant United States Attorney

6